IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANDSTAR RANGER, INC.,
a Florida corporation,

    Plaintiff,                                Case No:

v.

JOLKADOT TRANSPORT, LLC,
a Florida company,

    Defendant.

_____/

## COMPLAINT

Plaintiff LANDSTAR RANGER, INC., by and through its undersigned counsel, hereby submits and files its Complaint against Defendant JOLKADOT TRANSPORT, LLC, and in support thereof states as follows:

## INTRODUCTION

1. This is a civil action for damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees, arising out of a dispute between Plaintiff LANDSTAR RANGER, INC. ("Landstar"), a transportation broker, and Defendant JOLKADOT TRANSPORT, LLC ("Jolkadot"), a motor carrier that provides transportation services, for Jolkadot's failure to indemnify Landstar for Jolkadot's damage of a shipment tendered to it,

pursuant to the parties' Transportation Brokerage Agreement ("Agreement"), among other wrongs.

## PARTIES, JURISDICTION, VENUE

2. Landstar is a Florida corporation with its principal place of business located in Jacksonville, Florida.

3. Landstar is a property broker authorized by the Federal Motor Carrier Safety Administration (with a motor carrier number of MC-178439) that arranges for the interstate transportation of property by various motor carriers. Landstar also holds federal authority as an authorized motor carrier.

4. At all times relevant, Jolkadot was a Florida Limited Liability Company with its principal place of business in Hollywood, Florida.

5. At all times relevant, Jolkadot was a for hire motor carrier authorized by the Federal Motor Carrier Safety Administration (with a DOT number of DOT- 3788046) to transport property in interstate commerce.

6. This Court has original jurisdiction, pursuant to 28 U.S.C § 1337(a), over claims for cargo loss and damage brought under the Carmack Amendment, 49 U.S.C § 14706 where the amount in controversy exceeds $10,000.00, as it does here.

7. On or about July 15, 2022, Jolkadot, entered into the Transportation Brokerage Agreement ("Agreement") with Landstar, wherein

Jolkadot agreed to transport cargo for customers of Landstar. The Agreement is attached hereto as **Exhibit A**.

8. Paragraph 26 of the Agreement provides that:

Each of the parties hereto irrevocably and unconditionally submits itself to the exclusive jurisdiction and venue of the state and federal courts serving Jacksonville, Florida, and any appellate court thereof, in any suit, action or proceeding arising out of or relating to this Agreement and further irrevocably and unconditionally waives any claim or defense that any such suit, action or proceeding brought in any such court has been brought in an inconvenient forum.

9. Accordingly, Jolkadot consented to the jurisdiction of this Court and to this Court being a proper venue for this action, which arises out of and/or relates to the Agreement.

## GENERAL ALLEGATIONS

10. R G Smith Company Inc. ("the Shipper") contacted Landstar to arrange for transportation of a stainless steel oil holding tank ("the Load") from Hermiston, Oregon to a consignee in Waterford, Pennsylvania.

11. Governed by the Agreement, on or about September 16, 2022, Landstar arranged for Jolkadot to transport the Load from Hermiston, Oregon to Waterford, Pennsylvania. A copy of the governing bill of lading for the Shipment, No. I-66203 ("the Bill of Lading"), is attached hereto as **Exhibit B**.

12. The Load was tendered to Jolkadot in Hermiston, Oregon on or about August 30, 2022, in good condition.

13. Jolkadot picked up the Load, which was in good condition; however, it failed to deliver the Load to the intended consignee in the same condition.

14. Instead, the Load was subjected to impacts and damaged in transit.

15. As a result, the Shipper had a representative travel to the consignee to complete repairs, perform testing, and conduct quality checks. A copy of the Inspection Report is attached hereto as **Exhibit C**.

16. As such, the Shipper made and submitted a Presentation of Loss and Damage Claim, dated June 13, 2023, to Landstar, representing the total amount of damages suffered by the Shipper as $216,436.70[1] as a result of Jolkadot's failure to deliver the Load in the same condition as it was received. A true and correct copy of the Presentation of Loss and Damage Claim is attached hereto as **Exhibit D.**

17. Pursuant to the Services Contract between the Shipper and Landstar, Landstar was liable to the Shipper for the damages stated in the Presentation of Loss and Damage Claim dated June 13, 2023.

18. Accordingly, Landstar issued payment to the Shipper totaling $216,436.70.

---

[1] Note the Presentation of claim form totals $226,344.42. However, the total Claim amount was reduced and the parties resolved for $216,436.70.

19. In exchange for payment pursuant to the Presentation of Loss and Damage Claim, the Shipper executed an Assignment. Thus, Landstar is the owner and assignee of said claim. *See* **Exhibit D**. A true and correct copy of the Cargo Liability Release, Indemnity and Assignment Agreement is attached hereto as **Exhibit E.**

20. Landstar has retained the undersigned attorney to represent it in this matter and has agreed to pay a reasonable fee for such services.

21. As of the filing of this action, Jolkadot has failed to accept liability for its loss of the Load.

22. All conditions precedent to this action have occurred, been satisfied, or have been waived.

## **COUNT ONE – BREACH OF CONTRACT**

23. Landstar incorporates paragraphs 1 through 25 as if fully set forth herein.

24. Having duly entered into the Agreement with Landstar, Jolkadot's carriage of the Load was subject to the Agreement's terms and conditions.

25. Paragraphs 8 and 11 of the Agreement make Jolkadot wholly responsible for performing the transportation services contemplated by the Agreement and liable for damages arising from cargo loss, damage or delay in the performance of such services.

26.     Jolkadot breached the Agreement by not successfully delivering the Load in the same condition as it was received, and then refusing to respond to or cooperate with Landstar in the resolution of the claim.

27.     Paragraph 9 of the Agreement makes Jolkadot responsible for defending, indemnifying, and holding Landstar harmless "from and against all loss, liability, judgment, damage, claim, fine, cost or expense, including reasonable attorneys' fees, arising out of or in any way related to" Jolkadot's performance or breach of the Agreement.

28.     Jolkadot further breached the Agreement by failing to indemnify and hold Landstar harmless for the cargo loss, costs, and attorneys' fees Landstar incurred as a result of Jolkadot's breach of the Agreement.

29.     As a direct result of Jolkadot's failure to deliver the Load in the same condition as it was received to the intended consignee, Jolkadot is liable for Landstar's actual damages in the amount of $216,436.70.

30.     Landstar has accrued costs and reasonable attorneys' fees in enforcing the Agreement and in pursuing its losses and contractual indemnification from Jolkadot, which attorney's fees and costs are recoverable under the Agreement.

WHEREFORE, Plaintiff, LANDSTAR RANGER, INC., demands judgment in its favor and against Defendant, JOLKADOT TRANSPORT, LLC, an award of damages totaling $216,436.70, plus attorneys' fees and

6

costs pursuant to the Agreement, and for any other relief which this Court deems appropriate.

## COUNT TWO - CARMACK AMENDMENT

31. Landstar incorporates paragraphs 1 through 25 as if fully set forth herein.

32. Plaintiff brings this cause of action based on the assigned rights it possesses from Shipper. See **Exhibit E**.

33. As the motor carrier that took legal possession of the Load and agreed to be liable for the transport of the Load, Jolkadot is liable to the party entitled to recover for the full actual value of the lost, damaged, or delayed property under 49 U.S.C. §14706 (the "Carmack Amendment").

34. As the assignee and owner of the Presentation of Loss and Damage Claim, Landstar is the party entitled to recover the full actual value of the lost property under 49 U.S.C. §14706 (the "Carmack Amendment"). See **Exhibit D; Exhibit E**.

35. As a direct and proximate result of Jolkadot's failure to properly deliver the Load, Landstar has suffered damages in the amount of $216,436.70.

WHEREFORE, Plaintiff, LANDSTAR RANGER, INC., demands judgment in its favor and against Defendant JOLKADOT TRANSPORT,

LLC an award of damages totaling $216,436.70, and for any other relief which this Court deems appropriate.

Date: July 15, 2024            Respectfully submitted,

<u>/s/ Sophia Bernard</u>
Sophia Bernard, Esq.
Florida Bar No. 113805
Lauren L. Feldman, Esq.
Florida Bar No. 106075
TAYLOR NELSON, PL
20 3rd Street SW, Suite 209
Winter Haven, FL 33880
(863) 875-6950 (tel)
(863) 875-6955 (fax)
sbernard@taylorlawpl.com
lfeldman@taylorlawpl.com
krieck@taylorlawpl.com
efiling@taylorlawpl.com

*Counsel for Plaintiff*